IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>1411 K Street NW, Suite 1300<br>Washington, DC 20005<br><br>  *Plaintiff*,<br><br>v.<br><br>U.S. BUREAU OF LAND MANAGEMENT,<br>1849 C Street NW<br>Washington, DC 20240<br><br>  *Defendant*. | Civil Action No. 1:25-cv-02137<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1. The Center for Biological Diversity ("the Center") brings this action to compel the U.S. Bureau of Land Management ("BLM") to disclose records under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA").

2. The requested records include records dated between January 1, 2023 and the date of BLM's search for records related to geothermal and lithium exploration and development on an area of public lands in Dixie Valley, Nevada that is inhabited by the highly endangered Dixie Valley toad (*anaxyrus williamsi*).

3. The Center submitted its FOIA request on February 25, 2025 and then narrowed its request on February 27, 2025. In response to this narrowed request, BLM provided an estimated date of completion of May 22, 2025. The Center appealed BLM's constructive denial of its FOIA

request on May 23, 2025. To date, the Center has received no final determination on its FOIA request and FOIA appeal, as well as no responsive records.

4. The Center and its members are deeply interested in, and affected by, the exploration and development activities that may be occurring in the Dixie Valley, in part because of the effects such activities could have on the endangered Dixie Valley toad. The condition of the species is highly precarious, and undisclosed activities could result in its extinction.

5. Prompt access to these records is necessary to realize FOIA's purpose of transparency in government operations. FOIA establishes clear deadlines and requirements for FOIA responses, and BLM is in violation of these statutory duties.

6. Therefore, through this Complaint, the Center seeks (1) declaratory relief establishing that BLM violated FOIA and (2) injunctive relief ordering BLM to make an immediate determination on the Center's FOIA request and promptly release all requested records and information, including all reasonably segregable portions of any lawfully exempt records, by a date certain.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

8. This Court has authority to grant the requested declaratory relief pursuant to 28 U.S.C. § 2201; authority to grant the requested injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202; and otherwise, to provide relief using the court's equitable powers.

9. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) which provides venue for FOIA cases in the District of Columbia.

## PARTIES

10.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("the Center") is a national, non-profit conservation organization that works to protect native wildlife species and their habitats. The Center has offices throughout the United States and more than 93,000 active members throughout the United States and the world.

11.     The Center is the requester of the records at issue. The Center and its members are harmed by Defendant's violations of FOIA because such violations preclude the Center from gaining a full understanding of the environmental impact of BLM's priorities and agenda under the Trump administration, including its policies regarding resource extraction and development on Federal public lands in Nevada that are the sole habitat for the endangered Dixie Valley toad. The Center has been involved in advocacy for the protection of the Dixie Valley toad for nearly eight years. Defendant's failure to comply with FOIA harms the Center's ability to obtain and to provide full, accurate, and current information to its members and the public on this matter of public interest. Absent this information, the Center cannot fully advance its mission to protect native species and their habitats.

12.     The Center's interests and activities are adversely affected by BLM's failure to disclose the requested records. This injury will be redressed if the Court orders BLM to disclose the requested records.

13.     Defendant U.S. BUREAU OF LAND MANAGEMENT is a federal executive branch agency of the U.S. government. BLM manages public lands in the United States, with a mission to sustain their health, diversity, and productivity for the use and enjoyment of current and future generations. As part of this mission, BLM grants approvals for private mining corporations to conduct mining exploration and development on specific areas of Federal public lands under its

jurisdiction. BLM is in possession and control of records responsive to the Center's FOIA request, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request.

## STATUTORY BACKGROUND

14. FOIA's primary purpose is to improve government transparency and accountability by requiring the prompt disclosure of agency records and information. It establishes the public's right to access all federal agency records, 5 U.S.C. § 552, unless one or more narrow statutory exemptions apply. *Id*. § 552(b)..

15. FOIA places the burden on the agency to show that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

16. FOIA imposes strict deadlines for agencies to respond to FOIA requests. Specifically, within 20 working days of receiving a request, an agency must (1) determine if it will release requested records and (2) notify the requester of (a) its determination and the reasons for it; (b) the right to seek assistance from the FOIA Public Liaison; and (c) the right to appeal an adverse agency determination. 5 U.S.C.§ 552(a)(6)(A)(i); 5 C.F.R. § 1303.40(a).

17. The agency is also required to respond to an appeal for the denial of a FOIA request within 20 working days. 5 U.S.C.§ 552(a)(6)(A)(ii).

18. FOIA provides only limited "unusual circumstances" where an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting "forth the unusual circumstances for the extension and the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). The agency may also toll the 20-business day deadline for up to ten additional business days if it needs to clarify with the requester any issues regarding fee assessment or if the agency is waiting for

4

information that it has reasonably requested from the requester. 5 U.S.C. § 552(a)(6)(A)(i).

19. No extension can exceed ten business days unless the agency provides written notice to the requester explaining the "unusual circumstances" requiring an extension, the date on which the agency expects to make a determination, and gives the requester "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

20. Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, according to the above provisions, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the 20-day deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

21. Agencies are required to make a reasonable effort to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(B)–(D).

22. In certain limited instances, responsive records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b). These exemptions are narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy. An agency bears the burden of proof if it claims any exemption applies to withhold responsive documents. *Id.* § 552(a)(4)(B). Even where records may be exempt from disclosure, FOIA expressly requires agencies to disclose reasonably segregable portions of those records. *Id.* § 552(b).

23. FOIA requires federal agencies to promptly disclose the requested records. *Id.*

§ 552(a)(3)(A), (a)(6)(C)(i).

24.     FOIA grants this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

25.     On February 25, 2025, the Center submitted a FOIA request ("FOIA Request") to BLM for:

- (1) The records, including emails, documenting or mentioning geothermal exploration or development in Dixie Valley, Nevada; and
- (2) The records, including emails, documenting or mentioning locatable mineral exploration and development in Dixie Valley, Nevada, including but not limited to exploration or development projects targeting lithium clay or lithium brines.

26.     The Center limited the temporal scope of its request to responsive records dated or received between January 1, 2022 and the date of BLM's search for responsive records.

27.     In addition, the Center provided the names of more than twelve potential custodians of responsive records. This list included:

- (1) Kenneth Collum (Carson City District Manager, formerly Stillwater Field Office ("FO") Manager);
- (2) Kathryn Dyer, Stillwater FO Manager (also Shedra Rakestraw, John C. Mitchell, Jake Vialpando);
- (3) Mark Mazza, Assistant Stillwater FO Manager (also Shevawn Sapp);
- (4) Melanie Hornsby, Planning and Environmental Coordinator, Stillwater FO;
- (5) Jason Wright, Archaeologist, Stillwater FO;
- (6) Christine McCollum, Cultural Resources, Stillwater FO;
- (7) Dean Tonenna, T&E Species, Stillwater FO
- (8) Jonathan Gordon, Wildlife Biologist, Stillwater FO (also Melanie Cota);
- (9) Kenneth Depaoli, Geologist/Minerals Lead, Stillwater FO (also Sarah Hill);
- (10) David Schroeder, Environmental Compliance Specialist, Stillwater

6

        FO;
(11)    Wyatt Fereday, Hydrologist, Stillwater FO (also Michelle Stropsky); and
(12)    Cassandra Rivas, Natural Resources Specialist, Stillwater FO.

28. Upon submission of Plaintiff's FOIA Request, BLM provided automated receipt and assigned it control number DOI-2025-004195.

29. On February 26, 2025, by electronic mail, an information specialist with BLM acknowledged the Center's request and placed it in the "Exceptional/Voluminous" track, assigning it an estimated date of completion of November 4, 2025.

30. The same day, the Center replied to BLM and requested a modification of the request to avoid the lengthy estimated completion date—at that time, eight months away. In this response, the Center narrowed its request to records from January 1, 2023 to the date of BLM's search and reduced the list of potential records custodians to six: Collum, Dyer, Mazza, Hornsby, Depaoli, and Fereday.

31. By electronic mail dated February 27, 2025, BLM updated the estimated date of completion to May 22, 2025.

32. By electronic mail dated March 24, 2025, the Center requested an update on the agency's processing of the FOIA Request and asked whether BLM estimated it would still complete its processing by May 22, 2025.

33. On March 25, 2025, BLM responded to the Center's request for a status update, and informed Plaintiff that the agency's staff were collecting records to be processed and advised that "[o]nce the records are retrieved and reviewed, we'll be sure to send them as a rolling release if possible."

34. On May 23, 2025, after BLM's estimated date of completion had passed without a final determination or records and with no further communication, the Center submitted an appeal

of BLM's constructive denial of its FOIA Request ("FOIA Appeal").

35. On June 5, 2025, BLM acknowledged receipt of Plaintiff's FOIA Appeal and assigned it control number 2025-121.

36. As of the date of this Complaint, Plaintiff has received no further communication from BLM and no responsive records or final determination on its FOIA Request or FOIA Appeal.

37. Although the statutory deadlines for responding to the Center's original FOIA Request of February 27, 2025, and its subsequent FOIA Appeal, received June 5, 2025, have both expired, BLM still has not provided Plaintiff with a substantive response to either, nor has it provided Plaintiff with any of the requested records.

38. The Center has exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

39. BLM has no lawful basis under FOIA for its delay and has provided no lawful basis for withholding the records requested by the Center.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**BLM Failed to Comply with FOIA's Mandatory Determination Deadline in Response to the Center's FOIA Request**

40. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

41. The Center properly requested records within the control of BLM through its FOIA request dated February 25, 2025, tracking number DOI-2025-004195.

42. The Center has a statutory right to a lawful final determination from BLM on FOIA Request, tracking number DOI-2025-004195, in a manner that complies with FOIA. 5 U.S.C. §

8

552(a)(6)(A)(i).

43. BLM has violated the Center's rights and FOIA by unlawfully delaying its determination on the Center's FOIA Request. *Id.*

44. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to BLM in the foreseeable future.

45. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, BLM will continue to violate the Center's right to a timely determination under FOIA.

46. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF
### BLM Failed to Comply with FOIA's Mandatory Determination Deadline in Response to the Center's FOIA Appeal

47. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

48. The Center properly appealed BLM's constructive denial of Plaintiff's FOIA Request, tracking number 2025-121.

49. The Center has a statutory right to a lawful final determination from BLM on its FOIA Appeal, tracking number 2025-121, in a manner that complies with FOIA. 5 U.S.C. § 552(a)(6)(A)(ii).

50. BLM has violated the Center's rights and FOIA by unlawfully delaying its determination on the Center's FOIA Appeal. *Id.*

51. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to BLM in the foreseeable future.

52. Unless enjoined and made subject to a declaration of the Center's legal rights by

9

this Court, BLM will continue to violate the Center's right to a timely determination under FOIA.

53. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## THIRD CLAIM FOR RELIEF
### BLM Failed to Conduct an Adequate Search for Responsive Records

54. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

55. The Center has a statutory right to have BLM process the Center's FOIA Request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

56. BLM violated the Center's rights and FOIA by unlawfully failing to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA Request. *Id.*

57. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to BLM in the foreseeable future.

58. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, BLM will continue to violate the Center's rights under FOIA to an adequate search for records responsive to the Center's FOIA request.

59. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## FOURTH CLAIM FOR RELIEF
### BLM Failed to Promptly Disclose All Responsive Records

60. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

61. The Center has a statutory right to the prompt disclosure of requested records. 5 U.S.C. § 552(a)(3)(A).

62. BLM has violated the Center's rights and FOIA by withholding records that are responsive to the Center's FOIA request, having provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See id*. § 552(a)(8)(A), (b)(1)-(9).

63. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to BLM in the foreseeable future.

64. The Center's organizational activities will be adversely affected if BLM is allowed to continue violating FOIA's disclosure provisions.

65. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, BLM will continue to violate the Center's rights to promptly receive all records responsive to its FOIA Request.

66. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare that Defendant BLM violated the Freedom of Information Act by failing to provide a lawful determination on Plaintiff's FOIA Request, submitted on February 25, 2025, tracking number DOI-2025-004195.

(2) Declare that Defendant BLM violated the Freedom of Information Act by failing to provide a lawful determination on Plaintiff's FOIA Appeal, submitted on or about May 23, 2025, control number 2025-121.

(3) Order Defendant to search for any and all responsive records to Plaintiff's FOIA Request using search methods reasonably likely to lead to discovery of all responsive records with the cut-off date for such search being the date the search is conducted;

(4) Order Defendant to produce, by a date certain, all nonexempt responsive records or segregable portions of the records and a *Vaughn* index of any responsive records or portions of responsive records withheld under a claim of exemption, at no cost to Plaintiff;

(5) Enjoin Defendant from continuing to withhold any nonexempt responsive records or segregable portions of the records;

(6) Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA Request and that no agency records or portions of the records are improperly withheld;

(7) Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

//

//

//

//

//

//

//

(8)   Grant such other and further relief as the Court may deem just and proper.

DATED this 3rd day of July, 2025.

Respectfully submitted,

*/s/ Lauren A. Parker*
Lauren A. Parker (D.C. Bar No. 1670885)
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, DC 20005
(202)-868-1008
lparker@biologicaldiversity.org

Megan M. Ortiz (NV Bar No. 15614)
Center for Biological Diversity
P.O. Box 6205
Reno, NV 89513
 (702) 483-1656
mortiz@biologicaldiversity.org
(*Pro Hac Vice* application pending)

*Attorneys for Plaintiff*
*Center for Biological Diversity*